UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY | :<br>:<br>: |
| Plaintiff, | Civil Action No.:   1:20-cv-219<br>:<br>: |
| v. | :<br>: |
| HIGH TECH CONSTRUCTION, INC., JOE M. DALOMBA, THE RIATA REALTY IRREVOCABLE TRUST, THE GREG MERCURIO, JR. 2010 REVOCABLE TRUST, AND GREGORY MERCURIO, JR. | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

**COMPLAINT**

**DECLARATORY JUDGMENT COMPLAINT**

Plaintiff, HARLEYSVILLE WORCESTER INSURANCE COMPANY ("Harleysville"), for its Declaratory Judgment Complaint against Defendants, HIGH TECH CONSTRUCTION, INC., JOE M. DALOMBA, THE RIATA REALTY IRREVOCABLE TRUST, THE GREG MERCURIO, JR. 2010 REVOCABLE TRUST, and GREGORY MERURIO, JR., alleges as follows:

Nature of the Action

1.  This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

2.  Harleysville seeks a declaration as to its defense and indemnity obligations with respect to the Underlying Suit.

3.  Harleysville seeks a declaration that there is no defense or indemnity coverage for any insured under Policy No. GL00000099708G issued to High Tech Construction, Inc. and Joe

M. Dalomba with effective dates of December 1, 2011 to December 1, 2012 (the "Policy"), in relation to the lawsuit captioned *David Bastien, Trustee of the Riata Realty Irrevocable Trust, and Gregory Mercurio, Jr., Trustee of the Greg Mercurio, Jr., 2010 Revocable Trust, and Gregory Mercurio, Jr. v. High Tech Construction of RI, Inc., High Tech Construction, Inc., The Bailey Group, LLC, Bridgeview Construction, Inc., Classic Plastering, LLC, Frank Vancore, and Joseph Dalomba*, Docket No. C.A. No. PC-2017-1812, pending in the Superior Court of Rhode Island, Providence (the "Underlying Suit").

Jurisdiction and Venue

4. Harleysville is an insurance company organized under the laws of the State of Ohio. Harleysville is domiciled in the State of Ohio with its principal place of business in Columbus, Ohio.

5. Upon information and belief, Defendant, High Tech Construction, Inc., is organized under the laws of the State of Rhode Island with a business address of 888 Lonsdale Avenue, Central Falls, RI02863. Accordingly, this Court has personal jurisdiction over it.

6. Upon information and belief, Defendant, David Bastien, in his capacity as trustee of the Riata Trust, is a Rhode Island citizen with an address of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Accordingly, this Court has personal jurisdiction over it.

7. Upon information and belief, Defendant, Gregory Mercurio, Jr., in his capacity as trustee of the Mercurio Trust, is a Rhode Island citizen with an address of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Accordingly, this Court has personal jurisdiction over it.

8. Upon information and belief, Defendant, Gregory Mercurio, Jr. is a Rhode Island citizen with an address of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Accordingly, this Court has personal jurisdiction over him.

9. Upon information and belief, Defendant, Joe M. Dalomba is a Rhode Island resident with an address of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Accordingly, this Court has personal jurisdiction over him.

10. Upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Jurisdiction in this Court is proper under 28 U.S.C. § 1332(a)(1) in that Harleysville and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

12. Venue is proper in this Court under 28 U.S.C. § 1391(a) because all of the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## The Policy

13. Harleysville issued Policy No. GL00000099708G to High Tech Construction, Inc. and Joe M. Dalomba with effective dates of December 1, 2011 to December 1, 2012 (the "Policy"), A true and accurate copy of the Policy is appended hereto as ***Exhibit A*** and incorporated by reference in its entirety.

14. Harleysville expressly reserves its right to rely on the Policy in its entirety in seeking declaratory judgment that there was/is no duty to defend and/or indemnify any insured in relation to the Underlying Suit. Harleysville further expressly reserved the right to modify and amend this Declaratory Judgment Complaint.

## The Underlying Suit

15. On or about April 21, 2017, David Bastien, Trustee of the Riata Realty Irrevocable Trust, and Gregory Mercurio, Jr., Trustee of the Greg Mercurio, Jr., 2010 Revocable Trust, and Gregory Mercurio, Jr. (collectively referred to as "plaintiffs") instituted the Underlying Suit

against High Tech Construction, Inc. and several other defendants in Rhode Island Superior Court, Judicial District of Providence.

16. On or about July 17, 2017, plaintiffs filed an Amended Complaint, which is the operative Complaint in the Underlying Suit (the "Complaint"). A true and accurate copy of the Complaint is attached hereto as *Exhibit B* and incorporated by reference.

17. The Underlying Suit arises out of demolition and construction work performed at 20 Riata Drive, Lincoln, Rhode Island 02865 (the "Property").

18. On or about April 30, 2018, plaintiffs filed an Application for Entry of Default against High Tech Construction, Inc. in the Underlying Suit.

19. High Tech Construction, Inc. was aware of the April 30, 2018 Application on or about April 30, 2018.

20. Joe M. Dalomba was aware of the April 30, 2018 Application on or about April 30, 2018.

21. Counsel for High Tech Construction, Inc. and/or Joe M. Daloma was/were aware of the Application on or about April 30, 2018.

22. Default was entered in the Underlying Suit against High Tech Construction, Inc. on or about May 3, 2018.

23. High Tech Construction, Inc. was aware of the May 3, 2018 entry of Default against High Tech Construction, Inc. on or about May 3, 2018.

24. Joe M. Dalomba was aware of the May 3, 2018 entry of Default against High Tech Construction, Inc. on or about May 3, 2018.

25. Counsel for High Tech Construction, Inc. and/or Joe M. Daloma was/were aware of the May 3, 2018 entry of Default against High Tech Construction, Inc. on or about May 3, 2018.

26. High Tech Construction, Inc. first provided notice of any "occurrence", claim or "suit" on March 5, 2019.

27. High Tech Construction, Inc. is represented by counsel in the Underlying Suit, which counsel was appointed by Harleysville. Such representation is provided to High Tech Construction, Inc. under a reservation of rights.

28. On November 12, 2019, defense counsel assigned to High Tech Construction, Inc. by Harleysville under a reservation of rights filed a Motion to Vacate the Default.

29. On January 9, 2020, the Court denied the Motion to Vacate the Default.

30. One of the basis cited by the Court for its denial of the Motion to Vacate the Default was Attorney Comley's and Attorney Litwin's knowledge of the Application for Entry of Default, as well as the Order of Default entered on May 3, 2018 and the Court held that there was no basis to support the substantial delay to have the Default lifted.

31. Joe M. Palomba has not sought defense and/or indemnity coverage under the Policy.

First Count – Declaratory Judgment –
No Duty To Defend

32. FFCIC incorporates paragraphs 1 – 31 as if fully set forth herein.

33. The initial grant of liability coverage expressly and unambiguously provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

    However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.** This insurance applies to "bodily injury" or "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

***

34. The Underlying Suit fails to trigger coverage under the insuring agreement because the Underlying Suit does not allege damages because of "bodily injury" or "property damage" as defined by the Policy.

35. The Underlying Suit fails to trigger coverage under the insuring agreement because any alleged damages because of "bodily injury" or "property damage" asserted in the Underlying Suit were not caused by an "occurrence" as defined by the Policy.

36. The Underlying Suit fails to trigger coverage under the insuring agreement because the Underlying Suit does not allege damages because of "bodily injury" or "property damage" caused by an "occurrence", which "bodily injury" or "property damage" occurred during the policy period.

37. There is no coverage under the Policy for the Underlying Suit because coverage is excluded pursuant to exclusions a., b., g., j.(4), j.(5), j.(6), k. l., m., n. and/or **EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS (EIFS)** Endorsement IL-7115, which expressly and unambiguously state, in relevant part:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured" contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

**j. Damage To Property**

"Property damage" to:

**(4)** Personal property in the care, custody or control of the insured;

7

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damage work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement , adjustment, removal or disposal of:

**(1)** "Your product";

8

**(2)** "Your work"; or

**(3)** "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEMS (EIFS)**

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of the manufacture, installation, application, use or sale of Exterior Insulation and Finish Systems (EIFS) or similar system, including any part, exterior component, fixture or feature of such a system.

38. The Policy Conditions expressly and unambiguously provide, in relevant part, as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      **(1)** How, when and where the "occurrence" or offense took place;

      **(2)** The names and addresses of any injured persons and witnesses; and

      **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

   **b.** If a claim is made or "suit" is brought against any insured, you must:

      **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

      **(2)** Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   **c.** You and any other involved insured must:

      **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)** Authorize us to obtain records and other information;

    **(3)** Cooperate with us in the instigation or settlement of the claim or defense against the "suit"; and

    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense other than for first aid, without our consent.

39.    High Tech Construction, Inc. and Joe M. Dalomba breached Policy Condition 2 in that it/he/they failed to see to it that Harleysville was notified as soon as practicable of an "occurrence" that may result in a claim, to the extent one occurred, which Harleysville denies;

40.    High Tech Construction, Inc. and Joe M. Dalomba breached Policy Condition 2 in that it/he/they failed to notify Harleysville, in writing, as soon as practicable that a claim was made;

41.    High Tech Construction, Inc. and Joe M. Dalomba breached Policy Condition 2 in that it/he/they failed to notify Harleysville, in writing, as soon as practicable that a "suit" was brought;

42.    High Tech Construction, Inc. and Joe M. Dalomba breached Policy Condition 2 in that it/he/they failed to immediately send Harleysville copies of any demands, notices, summonses and/or legal papers received in connection with a claim and/or "suit";

43.    Harleysville is entitled to a declaration that it does not have a duty to defend any insured with respect to the Underlying Suit under the Policy.

Second Count – Declaratory Judgment –
No Duty To Indemnify

44.    Harleysville incorporates paragraphs 1 – 43 as if fully set forth herein.

45. Harleysville is entitled to a declaration that it does not have a duty to indemnify any insured with respect to the Underlying Suit under the Policy.

[Intentionally Blank]

WHEREFORE, the plaintiff, Harleysville, respectfully requests a judgment against the Defendants as follows:

    A.    Declaring that Harleysville is not obligated to defend any insured under the Policy as to the allegations in the Underlying Suit;

    B.    Declaring that Harleysville is not obligated to indemnify any insured under the Policy as to the allegations in the Underlying Suit;

    C.    Awarding Harleysville its attorneys' fees and costs in this action; and

    D.    Awarding such other and further relief allowed by law and/or equity as the Court deems just and proper.

DEMAND FOR JURY TRIAL

The plaintiff, Nationwide, hereby demands a jury trial.

Plaintiff,
**HARLEYSVILLE WORCESTER INSURANCE COMPANY**,
By Its Attorney:

*/s/ Casey L. McCaffrey*
Casey L. McCaffrey, Esq., #9337
cmccaffrey@hassettanddonnelly.com
Hassett & Donnelly, P.C.
446 Main Street - 12th Floor
Worcester, MA 01608
Tel: (508) 791-6287
Fax: (508) 791-2652

DATED:    Worcester, Massachusetts
                May 18, 2020