## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY,<br>　　Plaintiff,<br><br>　　v.<br><br>HIGH TECH CONSTRUCTION, INC.;<br>JOE M. DALOMBA; THE RIATA<br>REALTY IRREVOCABLE TRUST;<br>THE GREG MERCURIO, JR. 2010<br>REVOCABLE TRUST; GREGORY<br>MERCURIO, JR.; and THE BAILEY<br>GROUP, LLC,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 20-219-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Plaintiff Harleysville Worcester Insurance Company ("Harleysville") sued Defendants High Tech Construction, Inc., Joe M. Dalomba, The Riata Realty Irrevocable Trust, The Greg Mercurio, Jr. 2010 Revocable Trust, Gregory Mercurio, Jr., and The Bailey Group, LLC., seeking a declaration that it has no duty to defend or indemnify Defendant High Tech Construction, Inc. ("HT") and Joe M. Dalomba in a state court action that Defendants The Riata Realty Irrevocable Trust, The Greg Mercurio, Jr. Revocable Trust, and Gregory Mercurio, Jr. (collectively "Riata") filed against HT for negligent construction work.  ECF No. 54.

## I.    BACKGROUND

Riata hired The Bailey Group, LLC ("Bailey") in July 2012 to inspect, evaluate, and repair the water damage an ice dam caused at its property in Lincoln, Rhode Island.   Bailey then hired HT as a subcontractor to perform demolition work to remove rotted studs, sills, and damaged insulation.   At that time, Harleysville insured HT.   According to Riata, HT employees removed more than they were supposed to and failed to replace what they removed, attacking the house with sledgehammers, and destroying everything.   HT employees also caused damage when they backed a truck into the garage door and drove over landscaping lighting and driveway siding.   Bailey fired HT in September 2012.   Riata says it did not discover the damage until May 2014.

Riata filed suit in Rhode Island Superior Court in April 2017.   Riata served HT and Mr. Dalomba, and counsel answered on behalf of Mr. Dalomba and High Tech Construction of RI ("HTRI"), a company he formed after HT dissolved.   HT did not answer the Complaint, so Riata filed for default against HT in April 2018 for failure to appear.   Counsel for Mr. Dalomba and HTRI was aware of the default application and did not oppose it.   Default entered against HT in May 2018.

In October 2018, Mr. Dalomba's attorney asked him to look for insurance documents that might cover the incidents alleged in the state court suit.   He then sent Harleysville notice of the suit in February of 2019.   Harleysville appointed HT counsel and filed a motion to vacate the default.   Riata objected on the ground that

HT knew about the default application but chose to do nothing so there was no good cause to vacate the default. The court denied the motion to vacate.

In April 2021, the state court allowed Bailey to file a cross claim against HT seeking contribution and indemnification based on the subcontract between them. HTRI and Mr. Dalomba answered the cross claim. Harleysville filed this suit, seeking a declaration that it does not have a duty to defend HT in the state court suit and now moves for summary judgment. ECF No. 54. All Defendants object to the motion. ECF Nos. 55, 58, 60. Because the Court finds that the material facts related to HT's prejudicially late notice are not in dispute, and that Harleysville is entitled to judgment as a matter of law, it GRANTS Harleysville's Motion for Summary Judgment. ECF No. 54.

## II.    STANDARD OF REVIEW

When ruling on a motion for summary judgment, the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the non-moving party. *Continental Cas. Co. v. Canadian Univ. Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). "Granting summary judgment is appropriate if the moving party 'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation."

*Ingram v. Brink's, Inc.*, 414 F.3d 222, 228-29 (1st Cir. 2005). "In the summary judgment context, 'genuine' has been construed to mean 'that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.' Similarly, a fact is 'material' if it is 'one that might affect the outcome of the suit under the governing law.'" *Enica v. Principi*, 544 F.3d 328, 336 (1st Cir. 2008) (citations omitted).

## III.   DISCUSSION

Harleysville argues that it has no duty to defend or indemnify HT and Mr. Dalomba in the state court case because HT breached the Policy by not providing timely notice. Harleysville also argues that the Policy does not cover the damages because Riata did not discover them until after the Policy expired and that some of the damages are not covered because the Policy does not cover damages caused by an automobile.

### A.   Late Notice

The Policy requires HT to notify Harleysville "as soon as practicable" once it becomes aware of an "occurrence" that may result in a claim, if suit is filed against it, and/or to immediately send a copy of any lawsuit filed against it. ECF No. 54-2 ¶ 3. Harleysville argues that it was not so notified so HT breached the Policy terms, making its duty to defend moot.

An insured's compliance with policy provisions relating to notice is a condition precedent to an insurance company's liability. *Cinq-Mars v. Travelers Ins. Co.*, 218 A.2d 467, 471 (1966). Where notice must be given as soon as practicable, it is satisfied

when an insured "acts diligently and with all reasonable dispatch, having in mind all the circumstances and facts of a particular case." *Pickering v. Am. Employers Ins. Co.*, 282 A.2d 584, 592-93 (1971). Practically, in deciding whether notice is timely and adequate, a court should consider several factors including the length of the delay, the reasons for the delay, and how the insurer is affected by any delay. *Id.* at 593. Moreover, an insurer cannot deny coverage based on inadequate notice unless it has been prejudiced. *See id.*; *Nortek Inc. v. Liberty Mut. Ins. Co.*, 858 F. Supp. 1231, 1240-41 (D.R.I. 1994).

Harleysville argues that HT first had notice of a potential occurrence when Bailey fired the company in September 2012 for HT's poor performance of their subcontract work at the Lincoln property. Further, it argues that HT definitively had notice when it was served with the state court lawsuit in July 2017. Instead of passing along that notice as soon as was practicable in accordance with the Policy, HT did nothing. When Riata filed for a default, HT did nothing. HT's attorney first notified Harleysville of the suit on February 28, 2019. ECF No. 54-2 ¶¶ 14-16. It is undisputed that HT's notice to Harleysville was not made "as soon as practicable" upon the occurrence or upon receipt of the lawsuit.

HT concedes that it did not strictly comply with the policy provisions regarding notice. ECF No. 60-1 at 3. Instead, it argues that "despite the five-year passage of time until the Riata Plaintiffs filed the underlying action, plus the subsequent nearly four years of litigation, Harleysville has clearly not been prejudiced." *Id.* HT bases this argument on the fact the no default *judgment* was entered in state court, just a default and the case is not yet assigned to the trial calendar. It also argues that Riata has

not compiled all the documents regarding HT's work at the property, damage done, and rehabilitative work.

"The purpose of a notice provision in an insurance contract is to enable the insurer to make a prompt investigation of the incident and to prepare an adequate defense to a claim.  Hence, in determining whether the [insurer] was prejudiced by the delay, [the court] must consider the extent to which that purpose is defeated." *St. Paul Fire & Marine Ins. Co. v. Petzold*, 418 F.2d 303, 305 (1st Cir. 1969).  It is clear from the timeline – whether the Court considers the seven years from when Bailey fired HT or the nineteen months from when Riata filed suit – that Harleysville was not able to adequately investigate the claim. Moreover, it was hand-tied from litigating the facts of the case because HT allowed default to enter, limiting its ability to initiate a defense to the suit.  Riata had repaired the property before Harleysville was notified, barring it from evaluating the defensibility of the claims against its insured and the extent of the damages.  ECF No. 54-7 at 3-9.  Harleysville has sustained its burden of showing that HT's lack of timely notice violated the Policy and was prejudicial. *Pickering*, 282 A.2d at 593.

## IV.   CONCLUSION

Because HT failed to comply with its obligations to notify Harleysville of an occurrence and/or lawsuit as soon as practicable and there are no disputed material

facts as to whether Harleysville is prejudiced by this extremely late notice, the Court

GRANTS Harleysville's Motion for Summary Judgment.[1]  ECF No. 54.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

October 25, 2021

---

[1] Harleysville raises two additional arguments relating to the coverage period and whether damages caused by HT vehicles are covered, but the Court declines to address them instead limiting its ruling to the duty to defend considering the Policy language and undisputed facts.  This is not only because its ruling on notice is dispositive, but also the Court does not want to make any findings that may impact the state court case.